UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL BARLETTA,

                      Petitioner,

- against -

SUPERINTENDENT, Elmira Correctional Facility,

                      Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

23-CV-06260 (PMH)

PHILIP M. HALPERN, United States District Judge:

Daniel Barletta ("Petitioner"), in August 2018, was convicted—following a jury trial in the New York State Supreme Court, Dutchess County ("Dutchess County Court")—of: (1) Conspiracy in the Fourth Degree; (2) Murder in the Second Degree (*i.e.*, felony murder); (3) Robbery in the Second Degree; and (4) one count of Robbery in the First Degree. (Doc. 17, "Report" or "R&R" at 7-8). Petitioner was sentenced to a term of: (1) one and a third to four years' imprisonment on the Conspiracy charge; (2) 23 years to life imprisonment on the Murder charge; (3) 23 years' imprisonment on the First Degree Robbery charge; and (4) 15 years' imprisonment on the Second Degree Robbery charge. (*Id.* at 8). All terms run concurrently. (*Id.*).

During trial, the Dutchess County Court precluded Petitioner from calling Dr. Martin Friedmutter as a witness. (*Id.* at 6-7). "Petitioner planned to call Dr. Friedmutter, an expert in Autism Spectrum Disorder, to testify that because Petitioner suffered from autism, he could not have formed the requisite specific intent to commit the crimes charged." (*Id.* at 5). However, after holding a hearing outside the presence of the jury, the Dutchess County Court ruled that Dr. Friedmutter was "not qualified to give an opinion to the jury as a threshold issue." (*Id.* at 7 (quoting Doc. 1-5 at 1285-86)). Petitioner and his mother ultimately testified during the trial about Petitioner's mental condition. (*Id.*).

Petitioner filed a direct appeal on January 2, 2020 arguing, *inter alia*, that the Dutchess County Court violated his constitutional rights by precluding Dr. Friedmutter from testifying about Petitioner's autism diagnosis. (*Id.* at 8).[1] The Supreme Court of the State of New York, Appellate Division, Second Judicial Department affirmed Petitioner's conviction and sentence, and the New York Court of Appeals denied leave to appeal. (*Id.*; *see also* Doc. 1-1; Doc. 1-2).

On June 28, 2023, Petitioner initiated the instant proceeding by filing a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, asserting a violation of "his [r]ight to [p]resent a [d]efense" premised on "[t]he Dutchess County Court preclud[ing] [him] from introducing competent mental health evidence about Petitioner's autism which was directly probative of his culpability and credibility" in his own testimony. (Doc. 1, "Petition" at 7). The Court issued an Order of Reference on July 21, 2023, referring the Petition to Magistrate Judge Barbara C. Moses, and the Petition was subsequently reassigned to Magistrate Judge Judith C. McCarthy. (Doc. 5). Respondent, thereafter, opposed the Petition on December 14, 2023 (Docs. 12-14), and the Petition was fully briefed with the filing of the reply (Doc. 16).

Judge McCarthy issued a Report and Recommendation on May 8, 2024, recommending that the Petition be denied. (*See generally* R&R). Petitioner filed an objection to the Report on August 6, 2024. (Doc. 24, "Obj."). After the Court, *sua sponte*, extended Respondent's deadline to respond to Petitioner's objection (Doc. 25), Respondent filed a response on March 27, 2025 (Doc. 26).

---

[1] Petitioner, on appeal, also argued that the Dutchess County Court violated his constitutional rights by failing to grant defense counsel's motion to sever Petitioner's trial from his co-defendant. (R&R at 8). Petitioner, however, does not raise this alleged constitutional violation in his Petition for a Writ of *Habeas Corpus*, the subject of the instant proceeding. (Doc. 1).

**STANDARD OF REVIEW**

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Antoine v. Warden*, No. 20-CV-05130, 2021 WL 4066654, at *1 (S.D.N.Y. Sept. 7, 2021) (quoting 28 U.S.C. § 636(b)(1)).[2] "The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Olivo v. Graham*, No. 15-CV-09938, 2021 WL 3271833, at *1 (S.D.N.Y. July 30, 2021) (citing *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Where a party "makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error." *Clemmons v. Lee*, No. 13-CV-04969, 2022 WL 255737, at *1 (S.D.N.Y. Jan. 27, 2022) (citing *Alaimo v. Bd. Of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009)).

**DISCUSSION**

Petitioner objects to the Report on (1) the ground that Judge McCarthy erred in concluding that the Dutchess County Court's decision to preclude Petitioner from calling Dr. Friedmutter at trial neither ran contrary to New York's rules of evidence nor infringed on Petitioner's interests as an accused. (Obj. at 9-17).[3] Petitioner also objects (2) to Magistrate Judge McCarthy's alternative rulings that even if the Dutchess County Court erred in applying New York evidentiary law, (a) Petitioner's claim was procedurally barred by the "adequate and independent state grounds" doctrine, and (b) Dr. Friedmutter's testimony would not have created reasonable doubt that did not otherwise exist. (*Id.* at 4-9, 13, 15, 17).

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[3] Citations to Petitioner's objection correspond to the pagination generated by ECF.

"Challenges to trial court evidentiary rulings based on state law are generally not cognizable on federal habeas review . . . as a federal court cannot disturb a state court's decision on a case or issue that rests on an independent and adequate state ground." *Murray v. Noeth*, No. 21-CV-05343, 2024 WL 4350913, at *10 (S.D.N.Y. Sept. 30, 2024). "When a state court has decided a case on an independent and adequate state ground—whether substantive or procedural—[federal courts] decline to review the state court's decision." *Garraway v. Phillips*, 591 F.3d 72, 75 (2d Cir. 2010). "A state court decision will be 'independent' when it 'fairly appears' to rest primarily on state law." *Taylor v. Connelly*, 18 F. Supp. 3d 242, 253 (E.D.N.Y. 2014) (quoting *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006)). "A procedural bar will be deemed adequate only if it is based on a rule that is firmly established and regularly followed by the state in question." *Garraway*, 591 F.3d at 75 (cleaned up). "In 'exceptional cases,' the 'exorbitant application of a generally sound [state procedural] rule renders the state ground inadequate to stop consideration of a federal question.'" *Murray*, 2024 WL 4350913, at *6 (alteration in the original; quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)).

As for claims not subject to a procedural bar, "[w]hen a state court adjudicates a habeas petitioner's claim on the merits, [federal courts] must afford that decision the deferential standard of review established by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')[.]" *Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006). Where, as here, the New York Appellate Division rejects the Petitioner's claim about a trial court's evidentiary ruling, "that adjudication" is entitled to "AEDPA deference." *Id.* "Applying AEDPA deference, a federal court may grant a writ of habeas corpus if the state court's adjudication on the merits 'was contrary to, or involved an unreasonable application of, clearly established, Federal law as determined by the Supreme Court of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(d)(1)).

The Supreme Court has "clearly established" that a criminal defendant has a constitutional right to "a meaningful opportunity to present a complete defense." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986).

"In considering whether the exclusion of evidence violated a criminal defendant's right to present a complete defense, [courts] start with the propriety of the trial court's evidentiary ruling." *Hawkins*, 460 F.3d at 242. "[I]f the evidentiary ruling was correct pursuant to a state evidentiary rule," a federal court considers whether the evidentiary rule is "arbitrary' or disproportionate to the purposes it is designed to serve." *Id.* (cleaned up). "A state evidentiary rule is unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused." *Id.* If potentially exculpatory evidence was erroneously excluded, a petitioner "must show that the error was so pervasive as to have denied him a fundamentally fair trial." *Barrett v. Ricks*, No. 00-CV-04636, 2003 WL 22284164, at *7 (E.D.N.Y. Aug. 20, 2003). A petitioner is denied a fundamentally fair trial if the "omitted evidence [evaluated in the context of the entire record] creates a reasonable doubt that did not otherwise exist." *Hawkins*, 460 F.3d at 242 (alteration in the original).

Under this standard, Judge McCarthy concluded that the Dutchess County Court's preclusion of Petitioner's proffered expert testimony was not erroneous as a matter of New York evidentiary law and did not "infringe" on Petitioner's "weighty interest [as an] accused." (R&R at 18-21, 24-26). Judge McCarthy also concluded, in the alternative, that even if the Dutchess County Court's ruling precluding Dr. Friedmutter's testimony was erroneous, Petitioner's claim still failed because: (1) it was procedurally barred under the independent and adequate state ground doctrine, and (2) the admission of Dr. Friedmutter's testimony would not have created a

5

reasonable doubt that did not otherwise exist. (*Id.* at 21-24). As noted *supra*, Petitioner objects to all these rulings.

I.  The Propriety of the Dutchess County Court's Evidentiary Ruling

With respect to the propriety of the Dutchess County Court's evidentiary ruling, Petitioner's objection to Judge McCarthy's conclusion primarily restates his arguments below. (*Compare* Obj., *with* Doc. 9). As a result, the Court applies clear error review to this objection. *See Morin v. Bell*, No. 18-CV-05768, 2023 WL 2788162, at *2 (S.D.N.Y. Apr. 5, 2023).

Judge McCarthy concluded that the Dutchess County Court's preclusion of Petitioner's proffered expert testimony was not erroneous as a matter of New York evidentiary law. (R&R at 18-21). The Report, in so doing, relied on *People v. Diaz*, in which the New York Court of Appeals held that "[t]he trial court's refusal to permit defendant to offer certain testimony of a psychologist concerning defendant's mental condition was a matter within the court's discretion" where the lower court found that the "witness' expertise in interpretations of this nature had not been satisfactorily established." 51 N.Y.2d 841, 842 (1980). As Judge McCarthy correctly noted, that holding "applies with equal weight here" because the Dutchess County Court ruled that Dr. Friedmutter "was not qualified as a forensic psychologist for purposes of offering an opinion on Petitioner's legal capacity and ability to form intent when the crimes were committed" based on his answers during an admissibility hearing. (R&R at 21). Contrary to Petitioner's argument, the Dutchess County Court's ruling was not premised on the "weight" that Dr. Friedmutter's testimony should be afforded (Obj. at 9) but rather whether Dr. Friedmutter "would [] be able to explain his diagnosis in terms that would assist the jury" (R&R at 20). That determination, as the Report explained, is well within a trial court's discretion in New York. (*Id.* (citing *People v. Kincey*, 562 N.Y.S.2d 474, 475 (1st Dep't 1990)); *accord People v. Lee*, 96 N.Y.2d 157, 162

6

(2001) ("[T]he admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court."). The Court therefore finds no clear error with Judge McCarthy's conclusion that the Dutchess County Court's preclusion of Petitioner's proffered expert testimony was not erroneous as a matter of New York evidentiary law.

Judge McCarthy then proceeded to the second step of the analysis and concluded that the preclusion of Dr. Friedmutter's testimony, under the proper application of New York's evidentiary rules, was "not contrary to federal law, 'arbitrary,' or 'infringed upon a weighty interest.'" (R&R at 24). The Report, in particular, spotlighted that the Dutchess County Court's ruling did not act as a "blanket exclusion" to Petitioner introducing evidence of his mental condition so as to "infringe[] upon [his] weighty interest" in presenting a complete defense. (*Id.* at 24). To the contrary, the Dutchess County Court permitted Petitioner and his mother to testify about his mental condition. (*Id.* at 23). Petitioner argues that they were "no substitute for expert testimony." (Obj. at 14-15). But, as the Report recognized (R&R at 24-25), "'the Supreme Court has found the Constitution to be principally (but not always) concerned with state evidentiary rules leading to the blanket exclusion of categories of evidence,' rather than ordinary rules of evidence where a court weighs the probative value of the challenged evidence against potential for issues such as jury confusion, undue delay, or prejudice." *DeVaughn v. Graham*, No. 14-CV-02322, 2017 WL 244837, at *14 (E.D.N.Y. Jan. 19, 2017) (quoting *Wade v. Mantello*, 333 F.3d 51, 60 (2d Cir. 2003)). Moreover, Judge McCarthy also correctly explained that the Dutchess County Court's ruling is consistent with federal law—specifically, Federal Rules of Evidence 403 and 702. (R&R at 25). Both rules imbue trial courts with significant discretion in determining whether to admit testimony. *See United States v. Pasternak*, No. 23-6316-CR, 2024 WL 4763986, at *3 (2d Cir. Nov. 13, 2024) (explaining that a trial court has "broad discretion"

under Rule 702); *United States v. Edwards*, No. 23-7200-CR, 2025 WL 25658, at *2 (2d Cir. Jan. 3, 2025) (same for Rule 403).

The Court thus finds no clear error with Judge McCarthy's conclusion that the Dutchess County Court's preclusion of Petitioner's proffered expert testimony was not contrary to federal law, arbitrary, or infringed upon a weighty interest.

II.  The Report's Alternative Rulings

Judge McCarthy concluded, in the alternative, that even if the Dutchess County Court's ruling precluding Dr. Friedmutter's testimony was "erroneous, the mistake: (1) is not cognizable because it was an evidentiary ruling based on state law [under the adequate-and-independent-state-grounds doctrine], and (2) did not rise to the level of constitutional error." (*Id.* at 21). Petitioner argues that the Report erred in applying the adequate-and-independent-state-grounds doctrine here. (Obj. at 3-9). Petitioner also argues that Dr. Friedmutter's testimony "could [] have given rise to a reasonable doubt in the mind of a rational juror." (*Id.* at 13, 15, 17).

A.  Adequate and Independent State Ground Procedural Bar

Petitioner objects to Judge McCarthy conclusion that Petitioner's claim was procedurally barred as an evidentiary ruling based on independent and adequate state law. (R&R at 21-22). Because Petitioner does not simply reiterate his original arguments made below with respect to the adequate-and-independent-state-grounds doctrine, the Court will review this specific objection *de novo*. *See Delano F. v. Sini*, No. 21-CV-04734, 2023 WL 7039591, at *2 (S.D.N.Y. Oct. 26, 2023).

Petitioner first argues that the doctrine is inapplicable to discretionary evidentiary rulings. (Obj. at 4-5, 7, 8). It is well-established in this Circuit, however, that a trial court's evidentiary ruling made pursuant to state law can be a procedural bar to habeas relief. *See Garraway*, 591

F.3d at 75; *see also, e.g.*, *Murray*, 2024 WL 4350913, at *11 ("Because the trial court made a lawful evidentiary ruling based on an independent and adequate state law, Judge McCarthy rightly determined that Petitioner's challenge was not a proper basis for habeas relief."). Petitioner next argues that the Dutchess County Court's ruling was not based on a "clear" and "generally followed" state rule. (Obj. at 6-7, 9). However, as explained *supra* and in the Report, it is "clear" and a "generally followed" rule in New York that trial judges are left in their discretion "to determine whether an expert is qualified to give the opinion being offered." (R&R at 22).

Finally, Petitioner argues that the Report erred in invoking the adequate-and-independent-state-grounds doctrine because, Petitioner asserts, it "was not raised by the state." (Obj. at 4, 8). Although Respondent, in its opposition to the Petition, never used the phrase "adequate and independent state grounds," Respondent specifically argued that "[a] claim that evidence was incorrectly admitted or excluded under state law is not cognizable on federal habeas corpus review, which does not provide relief for errors of state Law." (Doc. 13 at 31 n.3 (quotation marks omitted)). In other words, Respondent argued that challenges to trial court evidentiary rulings are not cognizable when the trial court's ruling is based on an independent state ground. The Court therefore finds no waiver by Respondent, and it was proper for Judge McCarthy to consider the adequate-and-independent-state-grounds doctrine. *See Rukoro v. Fed. Republic of Germany*, 363 F. Supp. 3d 436, 444 n.1 (S.D.N.Y. 2019) (finding no waiver despite the plaintiff not "expressly assert[ing]" an argument and not "specifically invok[ing]" the relevant statute but rather invoking a doctrine "in general terms"); *Virginia R. v. Saul*, No. 19-CV-01264, 2020 WL 6131965, at *4 (N.D.N.Y. Oct. 19, 2020) (similar).

Accordingly, the Court agrees with Judge McCarthy that Petitioner's challenge was not a proper basis for habeas relief. *See Murray*, 2024 WL 4350913, at *11.

### B. Petitioner's Right to a Fundamentally Fair Trial

Petitioner also objects to Judge McCarthy's other alternative holding (Obj. at 13, 15, 17) that even if the ruling precluding Dr. Friedmutter's testimony was erroneous and Petitioner's challenge was not procedurally barred, the claim would still fail because the Dutchess County Court's ruling "did not deprive [him] of a fundamentally fair trial." (R&R at 22). The Court applies clear error review to this objection because Petitioner primarily restates his arguments below. *See Morin*, 2023 WL 2788162, at *2.

The Court agrees with Judge McCarthy that, in light of the full record, the Dutchess County Court's ruling precluding Dr. Friedmutter's testimony did not amount to a deprivation of "a fundamentally fair trial." *Murray*, 2024 WL 4350913, at *1. To that end, as the Report notes:

> there was substantial evidence in the record that Petitioner intended to rob [the victim], including: (1) testimony from [a third party] that Petitioner asked if she would help him rob [the victim] two nights before the crime . . . ; (2) fingerprint evidence proving that Petitioner helped apply duct tape to subdue [the victim] during the robbery . . .; and (3) testimony from police officers and one of Petitioner's neighbors that he tried to evade capture after committing the crime. . . .

(R&R at 22). Moreover, as noted *supra*, the Petitioner was not precluded from testifying about his mental condition; he and his mother testified about his "lifelong developmental and psychological difficulties to the jury." (*Id.* at 23; *see also id.* at 23-24 (quoting trial transcript)). As a result, there was "sufficient corroborating evidence connecting [Petitioner] to the crimes," and the "expert testimony would likely not have changed the outcome of this case." *Redding v. New York State Dep't of Corr.*, No. 17-CV-07075, 2020 WL 614835, at *16 (S.D.N.Y. Feb. 10, 2020).

Accordingly, the Court adopts Magistrate Judge McCarthy's thorough and well-reasoned conclusion that the Petition be denied.

## CONCLUSION

For the foregoing reasons, Petitioner's objections to the Report are overruled. The Court adopts the Report in full. The Petition is, accordingly, DENIED. Because the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).

**SO ORDERED:**

Dated: White Plains, New York
April 1, 2025

_____
PHILIP M. HALPERN
United States District Judge