UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL BARLETTA,

                Petitioner,

    -against-

SUPERINTENDENT, Elmira Correctional Facility,

                Respondent.

**OPINION & ORDER**

23-CV-06260 (PMH)

PHILIP M. HALPERN, United States District Judge:

On June 28, 2023, Daniel Barletta ("Petitioner") initiated the instant proceeding by filing a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his criminal conviction and subsequent sentence. (Doc. 1). The Petition asserts, among other things, that the New York State Supreme Court, Dutchess County ("Dutchess County Court") violated "his [r]ight to [p]resent a [d]efense" by "preclud[ing] [him] from introducing competent mental health evidence about [his] autism which was directly probative of his culpability and credibility." (*Id.* at 7). After the Court referred this matter to the magistrate judge, Magistrate Judge Judith C. McCarthy issued a Report and Recommendation on May 8, 2024, recommending that the Petition be denied. (Doc. 17). Petitioner filed an objection to the Report. (Doc. 24).

The Court, on April 1, 2025, overruled Petitioner's objections and adopted the Report in full. (Doc. 28, "Prior Order").[1] The Court first overruled Petitioner's objections to Judge McCarthy's ruling that the Dutchess County Court's decision to preclude Petitioner from calling his purported expert witness at trial neither ran contrary to New York's rules of evidence nor infringed on Petitioner's interests as an accused. (*Id.* at 6-8). The Court then overruled Petitioner's

---

[1] This decision is available on commercial databases. *Barletta v. Superintendent, Elmira Corr. Facility*, No. 23-CV-06260, 2025 WL 993310 (S.D.N.Y. Apr. 1, 2025).

1

objections to Judge McCarthy's alternative rulings that: (1) a challenge to the Dutchess County Court's ruling was not cognizable because it was an evidentiary ruling based on an adequate and independent state ground, and (2) that any error by the Dutchess County Court did not rise to the level of constitutional error. (*Id.* at 8-11).

On May 1, 2025, Petitioner filed the instant motion for reconsideration. (Doc. 29, "Mot."). Although Petitioner fails to identify a specific legal basis for the relief he seeks,[2] his motion appears to be made pursuant to Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and/or Federal Rule of Civil Procedure 60(b). Respondent filed its opposition on May 13, 2025 (Doc. 31), and the motion was fully submitted upon the filing of Petitioner's reply on June 4, 2025 (Doc. 36).

For the reasons stated herein, Petitioner's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

"Motions for reconsideration under either Rule 60(b) or Local Civil Rule 6.3 are held to a strict standard." *Rodriguez v. Dunn*, No. 23-CV-08313, 2025 WL 2418394, at *2 (E.D.N.Y. July 24, 2025). To that end, reconsideration of a previous order "is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (citing *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000));[3] *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a

---

[2] In fact, Petitioner failed to file a notice of motion in contravention of Local Civil Rules 6.3 and 7.1(a)(1). "While failure to comply with the Local Rules is, on its own, a sufficient ground to warrant denial of a motion, the Court has discretion to overlook a failure to comply with" the local rules. *Delux Pub. Charter, LLC v. Cnty. of Westchester, New York*, No. 22-CV-01930, 2024 WL 3252948, at *12 n.11 (S.D.N.Y. July 1, 2024). The Court does so here and considers Petitioner's motion.

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

reconsideration] motion is strict."). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST*, 597 F. Supp. 2d at 365 (quoting *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001)). "It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005); *see also Murray v. Dutcavich*, No. 17-CV-09121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020) ("Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided.").

"Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Murray*, 2020 WL 3318212, at *1 (citing *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). Limitations on motions for reconsideration ensure finality and "prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (quoting *Lewis v. New York Tel.*, No. 83-CV-07129, 1986 WL 1441 (S.D.N.Y. Jan. 29, 1986)).

## ANALYSIS

Petitioner bases his motion on the theory that the Court misapplied controlling law in the Prior Order. Specifically, Petitioner seeks reconsideration of the Prior Order on the following grounds: (1) the Court incorrectly applied clear error, rather than *de novo*, review to some of Judge McCarthy's rulings; (2) the Prior Order "misconstrue[d] and misapplie[d] the 'independent and adequate state ground' doctrine"; and (3) the Court erred in declining to issue a certificate of appealability. (*See generally* Mot.).

I. Timeliness

As an initial matter, Petitioner's motion, to the extent it is brought under Local Civil Rule 6.3, is untimely. Under Rule 6.3, "[u]nless otherwise provided by the court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration must be served within 14 days after the entry of the court's order being challenged." Here, the Court issued the Prior Order on April 1, 2025, and Petitioner waited until May 1, 2025 to file or serve his motion. Petitioner's motion under Local Civil Rule 6.3 is therefore denied on timeliness grounds. *See Bennett v. Care Correction Sol. Med. Contracted*, No. 15-CV-03746, 2017 WL 4250519, at *2 (S.D.N.Y. Sept. 25, 2017) (collecting cases). The Court nevertheless proceeds to evaluate Petitioner's motion on the merits under Rule 60, which provides that a motion made under subsections (1)-(3) must be made within a year, and those made under (4)-(6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

II. The Court's Application of Clear Error Review

The Court, in the Prior Order, applied clear error review to Judge McCarthy's rulings about the propriety of the Dutchess County Court's evidentiary ruling; whether the Dutchess County Court's ruling was contrary to federal law, arbitrary, or infringed upon a weighty interest; and

whether Petitioner had been denied a fundamentally fair trial. (Prior Order at 6-8, 10). As the Court explained, clear error review was appropriate as Petitioner rehashed his arguments made to Judge McCarthy. (*Id.*). Petitioner, in the Motion, concedes that he "reiterate[d]" his arguments made to Judge McCarthy in his objections. (Mot. at 12).[4] He nevertheless insists that the Court should have applied *de novo* review. The Court disagrees.

Although the Second Circuit has not fully resolved whether a court should apply a *de novo* or clear error standard when reviewing objections that simply rehash arguments made to the magistrate judge, *see Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024), numerous courts within this Circuit have applied clear error review to such objections. *See, e.g.*, *Garnes v. Pritchard Indus., Inc.*, No. 23-CV-06699, 2024 WL 5202485, at *3 (S.D.N.Y. Dec. 20, 2024); *Vlad-Berindan v. NYC Metro. Transportation Auth.*, No. 14-CV-10304, 2017 WL 4180022, at *4 (S.D.N.Y. Sept. 21, 2017); *Eat It Corp. v. Keumkang B & F Co.*, No. 15-CV-004763, 2017 WL 1214475, at *3 (E.D.N.Y. Mar. 31, 2017); *Borrero v. Colvin*, No. 14-CV-05304, 2015 WL 1262276, at *1 (S.D.N.Y. Mar. 19, 2015); *Volfman v. Miss Du's Tea Shop Inc.*, No. 24-CV-02973, 2025 WL 1621628, at *2 (S.D.N.Y. June 9, 2025). Contrary to Petitioner's argument, the Prior Order is consistent with the approach taken by other courts in this Circuit.

In any case, on a *de novo* review, the Court reaches the same conclusion. *Cf. Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (explaining that when exercising *de novo* review, "[t]he district court need not[] [] specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety"). First, the Dutchess County Court's evidentiary ruling precluding Dr. Friedmutter's

---

[4] Citations to the parties' briefing correspond to the pagination generated by ECF.

testimony was not erroneous as a matter of New York evidentiary law. New York law leaves it to the "sound discretion of the trial court" to determine "the admissibility and limits of expert testimony," including the determination of "whether the proffered testimony would aid a lay jury in reaching a verdict." *People v. Lee*, 96 N.Y.2d 157, 162 (2001). The Dutchess County Court determined, after an admissibility hearing, that Dr. Friedmutter was not qualified to testify in the area he was being offered, given his lack of qualifications and inability to explain his diagnosis in terms that would assist the jury. (Doc. 1-5 at 1283-1286). Second, the Dutchess County Court's evidentiary ruling was not contrary to federal law, arbitrary, and did not infringe upon the weighty interest of Petitioner. Most importantly, the Dutchess County Court's ruling did not act as a blanket exclusion to Petitioner introducing evidence of his mental condition. Petitioner and his mother were permitted to, and did, testify about his mental condition. (Doc. 1-5 at 898, 908, 992-1001); *see Wade v. Mantello*, 333 F.3d 51, 60 (2d Cir. 2003) ("[T]he Supreme Court has found the Constitution to be principally (but not always) concerned with state evidentiary rules leading to the blanket exclusion[.]"). Finally, even if the Dutchess County Court's evidentiary ruling precluding Dr. Friedmutter's testimony was erroneous, the mistake did not rise to the level of constitutional error. To that end, Dr. Friedmutter's testimony would not have created a reasonable doubt that did not otherwise exist given the substantial evidence supporting Petitioner's conviction. (*See* Doc. 17 at 22 (documenting the evidence presented at trial)).

Accordingly, the branch of Petitioner's motion concerning the standard of review the Court applied in the Prior Order is denied.

III.  Independent and Adequate State Grounds Doctrine

Petitioner also seeks reconsideration of the Prior Order adopting Judge McCarthy's alternative ruling on the independent-and-adequate-state-grounds doctrine. The Court reviewed

this alternative ruling *de novo*. (Prior Order at 8). To start, Petitioner argues that the Prior Order "skip[ped] over" "numerous" arguments he advanced in his objection. (Mot. at 13, 14). Petitioner is mistaken. The Court, in the Prior Order, carefully considered each of Petitioner's arguments and "implicitly rejected those arguments not specifically discussed." *Driessen v. Royal Bank In'l*, No. 14-CV-01300, 2015 WL 881205, at *2 (D. Conn. Mar. 2, 2015); *see also Ediagbonya v. United States*, No. 18-CV-03882, 2021 WL 4226400, at *3 (S.D.N.Y. Sept. 15, 2021) ("[T]here is no requirement for a court to specifically address each and every argument raised by a party[.]" (quoting *Miller v. Metro. Life Ins. Co.*, No. 17-CV-7284, 2018 WL 5993477, at *5 n.5 (S.D.N.Y. Nov. 15, 2018))); *Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) ("[A] district court is not required to write an opinion or lengthy order in every case[.]").[5]

Petitioner's remaining arguments rehash his contention that the independent-and-adequate-state-grounds doctrine is inapplicable to the Dutchess County Court's evidentiary ruling. (Mot. at 12-14). Yet the Prior Order's contrary holding—including that the doctrine was appropriately applied by Judge McCarthy—tracks decisions by other district courts within this Circuit as well as the Second Circuit. *See Murray v. Noeth*, No. 21-CV-05343, 2024 WL 4350913, at *11 (S.D.N.Y. Sept. 30, 2024) ("Because the trial court made a lawful evidentiary ruling based on an independent and adequate state law, Judge McCarthy rightly determined that Petitioner's challenge was not a proper basis for habeas relief."); *Mohan v. King*, No. 24-CV-06909, 2025 WL 2102169, at *12 (E.D.N.Y. July 28, 2025) (Chin, J.) ("The trial court excluded specific testimony on the basis that it was 'beyond the scope' and 'not relevant,' . . . . These conclusions made by the state courts were well-reasoned, and it was squarely within the state trial court's discretion to exclude

---

[5] For similar reasons, Petitioner is incorrect in his argument that because the Court did not explicitly discuss all of his arguments, the Prior Order's review of Judge McCarthy's alternative ruling about the independent-and-adequate-state-grounds doctrine "does not actually satisfy the *de novo* requirements 28 USC §636 or Art III" (Reply at 6). *Contra Morris*, 167 F. App'x at 232.

[the] [] testimony through the application of state evidentiary rules. This Court will not disturb state court decisions that rest on independent and adequate state law grounds." (citations omitted)); *Wheel v. Robinson*, 34 F.3d 60, 65-66 (2d Cir. 1994) (affirming the lower court's order denying a petition for a writ of habeas corpus, which held, in part, that the state trial court's evidentiary rulings "were premised on adequate and independent state grounds").

Moreover, Petitioner's dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *See In re Motors Liquidation Co.*, No. 13-CV-01721, 2014 WL 335599, at *1 (S.D.N.Y. Jan. 28, 2014) ("A motion for Rule 60(b) relief is properly denied where the moving party merely seeks to relitigate an issue already decided." (citing *Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 60 (2d Cir. 1984) (noting that a party may not use Rule 60 "simply to relitigate matters settled by the original judgment"))); *Benjamin v. Goord*, No. 02-CV-01703, 2010 WL 3341639, at *1 (S.D.N.Y. Aug. 18, 2010) ("A motion for reconsideration is not, however, a 'second bite at the apple' for a party dissatisfied with a court's ruling." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998))); *Vista Food Exch., Inc. v. Lawson Foods, LLC*, No. 17-CV-07454, 2020 WL 7364489, at *2 (S.D.N.Y. Dec. 15, 2020) (explaining that "general dissatisfaction with the Court's conclusion" is not a ground for reconsideration).

Accordingly, the branch of Petitioner's motion concerning the Court's prior ruling about the independent-and-adequate-state-grounds doctrine is denied.

IV.   Certificate of Appealability

Petitioner also seeks reconsideration of the Court's decision declining to issue a certificate of appealability. (Mot. at 14-15). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For

the reasons stated in the Prior Order, Petitioner has failed to meet that standard, and as explained *supra*, Petitioner's arguments to the contrary fail to persuade.

Accordingly, the branch of Petitioner's motion concerning the Court's denial of a certificate of appealability is denied. *See Adams v. Keyser*, No. 16-CV-00129, 2018 WL 2750322, at *2 n.5 (S.D.N.Y. May 29, 2018); *Rodriguez v. Capra*, No. 19-CV-04171, 2023 WL 2366884, at *3 (S.D.N.Y. Mar. 6, 2023), *certificate of appealability denied*, No. 23-332, 2023 WL 10352377 (2d Cir. Aug. 9, 2023).

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 29).

Dated: White Plains, New York
      October 3, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge